**1822-CC00900**

Electronically Filed - City of St. Louis - May 02, 2018 - 05:05 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| JEROME RATLIFF, JR., individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | Div. 1 |
| ) | |
| LTI TRUCKING SERVICES, INC., a Missouri corporation, ) ) | **JURY DEMAND** |
| ) | |
| Defendant. ) | |

Serve:  LTI Trucking Services, Inc.
SCWHRA, Inc. RAGT
8909 Ladue Road
St. Louis MO 63124

### CLASS ACTION PETITION AND JURY DEMAND

Plaintiff Jerome Ratliff Jr. brings this Class Action Petition and Demand for Jury Trial against Defendant LTI Trucking Services, Inc. ("LTI" or "Defendant") for its intentional and willful violations of Plaintiff's and a proposed Class of consumers' statutorily protected credit and employment-related rights. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.      LTI is a self-proclaimed leader in the trucking and transportation industry.

2.      Seeking to expand its fleet, LTI encourages consumers to apply for driving positions by visiting its website and completing an online application. As part of its hiring process, LTI pulls applicants' background reports from HireRight, LLC—a leading pre-employment screening provider—to identify, among other things, their names, social security numbers, dates

# EXHIBIT A

Electronically Filed - City of St. Louis - May 02, 2018 - 05:05 PM

of birth, previous employers, work records, and trucking accident or incident histories. Using the information contained in these reports, LTI then decides whether to continue the hiring process or not.

3.      Given the impact that these reports have on an individual's access to employment, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), specifically to protect consumers from the ill effects of erroneous credit reporting and provide them with a means of ensuring that the information being distributed about them is accurate and updated.

4.      To that end, when companies like LTI decide not to hire an individual based in whole, or in part, on the contents of these reports, they are required under the FCRA to provide the individual within three business days of taking such action notice:

- That adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency (like HireRight);

- Of the name, address and telephone number of the consumer reporting agency that furnished the consumer report;

- That the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the applicant the specific reasons why the adverse action was taken; and

- That the applicant may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.

5.      Unfortunately, LTI disregards these statutorily imposed obligations and intentionally withholds the above-described information from applicants it decides not to hire based in whole or in part on their credit reports.

6.      Accordingly, this Petition seeks an Order: (i) declaring that LTI's conduct violates the FCRA; (ii) requiring LTI to cease the unlawful activities discussed herein; and (iii) awarding actual and/or statutory damages to Plaintiff and the proposed Class.

2

Electronically Filed - City of St. Louis - May 02, 2018 - 05:05 PM

**PARTIES**

7.       Plaintiff Jerome Ratliff Jr. is a natural person and citizen of the State of Illinois.

8.       Defendant LTI Trucking Services, Inc. is a Missouri corporation with its headquarters located at 411 10th Street Suite 500, St. Louis, Missouri, 63101. LTI conducts business throughout the City, the State of Missouri, and the United States. On information and belief, LTI employs more than 250 drivers operating approximately 260 trucks and 500 trailers.[1]

**JURISDICTION AND VENUE**

9.       This Court has personal jurisdiction over Defendant because Defendant is a Missouri corporation with its headquarters located in the City of St. Louis. Additionally, Defendant committed tortious acts in the state of Missouri.

10.       Venue is proper in this forum pursuant to § 508.010, RSMo., because Defendant is located in the City of St. Louis.

**BACKGROUND**

11.       On October 5, 2017, Ratliff filed a Class Action Complaint against LTI in the United States District Court for the Northern District of Illinois.

12.       On May 1, 2018, District Court Judge Alonso granted LTI's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**COMMON FACTUAL ALLEGATIONS**

I.       **The Fair Credit Reporting Act.**

13.       Congress enacted the FCRA in 1970 in recognition of the serious impact credit reports (referred to as "consumer reports" under the FCRA) could have on consumers' lives, including by affecting their access to employment. *See* Pub. L. No. 91-508, 84 Stat. 1128 (1970).

---

[1] *See* FMCSA Carrier Registration, *LTI Trucking Services, Inc*, available at https://ai.fmcsa.dot.gov/SMS/Carrier/1420767/CarrierRegistration.aspx (accessed on September 28, 2017).

Electronically Filed - City of St. Louis - May 02, 2018 - 05:05 PM

14.    To that end, if a consumer applies to certain types of employment opportunities by mail, telephone, computer, or other similar means, before a consumer report is procured or caused to be procured in connection with that application:

> (i)    the person who procures the consumer report on the consumer for employment purposes shall provide to the consumer, by oral, written, or electronic means, notice that a consumer report may be obtained for employment purposes, and a summary of the consumer's rights under 15 U.S.C. § 1681m(a)(3); and
>
> (ii)    the consumer shall have consented, orally, in writing, or electronically to the procurement of the report by that person.

*See* 15 U.S.C. § 1681b(b)(2)(B).

15.    The FCRA also regulates companies that decide to take adverse action (*e.g.*, denying employment) against an individual on the basis of information contained in their consumer reports. *See* 15 U.S.C. § 1681b(b)(3). For instance, if a consumer applies to a company for a trucking or transportation-related job (like those offered by LTI) by mail, telephone, computer, or other similar means, and that company decides to deny employment to the individual based in whole or in part on a consumer report, then the company must provide to the individual within three business days of its decision an oral, written or electronic notification:

> (i)    that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency;
>
> (ii)    of the name, address and telephone number of the consumer reporting agency that furnished the consumer report;
>
> (iii)    that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; and
>
> (iv)    that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.

*See* 15 U.S.C. § 1681b(b)(3)(B).

Electronically Filed - City of St. Louis - May 02, 2018 - 05:05 PM

16.     Under the FCRA, a "consumer report" means "any . . . communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" which is used for, among other things, employment purposes. 15 U.S.C. § 1681a(d)(1).

17.     A "consumer reporting agency" means "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

18.     The FCRA creates a private right of action by which consumers can vindicate their rights, enforceable in any court of competent jurisdiction. 15 U.S.C. § 1681p.

## II.     LTI Violates the Fair Credit Reporting Act as a Matter of Course.

19.     Consumers can apply for driving positions with LTI by, among other ways, visiting its website and completing an online application.

20.     As part of its hiring process, LTI routinely obtains and uses consumer reports to screen applicants, including reports prepared by the leading pre-employment screening agency HireRight. HireRight's reports, including its flagship "DAC Employment History" reports, provide LTI with the applicant's name, social security number, date of birth, previous employers, work records, reasons for leaving past employers, rehire eligibility, drug and alcohol history, truck driving school performance records, and trucking accident or incident history.

21.     Unfortunately, when LTI decides not to hire an applicant based in whole, or in part, on a consumer report it does not provide the applicant with the information mandated by the

Electronically Filed - City of St. Louis - May 02, 2018 - 05:05 PM

FCRA. For instance, LTI does not provide rejected applicants with the name, address, and telephone number of the consumer reporting agency that furnished the report (*e.g.*, HireRight) nor does it notify them that the consumer reporting agency did not make the decision to not hire them as required by 15 U.S.C. § 1681b(b)(3)(B).

22.     The FCRA's comprehensive series of regulations, including the requirements described above, were specifically enacted to provide individuals with a means of ensuring that the information being distributed about them is accurate and updated, which, in turn, ensures them fair access to employment. An individual who is deprived of this information after being denied employment is therefore harmed because, among other reasons, they are denied access to a job based on a record of information they do not possess, cannot verify, and from a third party they have no direct relationship with. They are also deprived of the opportunity of timely responding to or correcting inaccurate or incomplete information.

## FACTS SPECIFIC TO PLAINTIFF RATLIFF

23.     In or around January 2015, Plaintiff Ratliff submitted an online application for a commercial truck driver position with LTI.

24.     On or around January 30, 2015, LTI obtained Ratliff's background report from HireRight, which Ratliff learned in or about October 2015 through his own investigation.

25.     On information and belief, after receiving and reviewing Ratliff's background report, LTI took adverse action against him by disqualifying him from further consideration for employment based, in part, upon the information contained in HireRight's background report.

26.     LTI did not offer employment to Ratliff, and did not hire Ratliff.

27.     In spite of its obligations under the FCRA, LTI did not provide Ratliff with the notice required by the FCRA within three business days of deciding not to hire him, including, for

6

Electronically Filed - City of St. Louis - May 02, 2018 - 05:05 PM

example (i) that LTI decided not to hire Ratliff based in whole or in part on a consumer report received from HireRight; (ii) the name, address and telephone number of HireRight; (iii) that HireRight did not make the decision to take the adverse action and is unable to provide to Ratliff the specific reasons why the adverse action was taken; and (iv) that Ratliff could have disputed with HireRight the accuracy or completeness of any information in the report.

28.     Because LTI did not comply with the FCRA requirements described above, Ratliff was denied his statutorily mandated right to the information contained in the HireRight report.

29.     LTI's violation of the FCRA further violated Ratliff's statutorily protected privacy rights, as he was denied the ability to challenge or correct any information that was improperly contained in the HireRight report.

30.     Finally, because Ratliff could not verify the accuracy of the report, or determine who prepared it, he could not timely respond to or correct any inaccurate or incomplete background information, thus denying him fair access to employment.

31.     LTI's violation was willful inasmuch as it knew, or reasonably should have known, that it was failing to comply with the above-described requirements of the FCRA (for instance, LTI knew of and complied with the various other employment regulations throughout the employment application process).

## CLASS ALLEGATIONS

32.     **Class Definition**: Plaintiff Ratliff brings this action pursuant to Missouri Rule of Civil Procedure 52.08 on behalf of himself and a class of similarly situated individuals, defined as follows:

> All individuals in the United States who, from the date five years prior to the date of the filing of this action to the present, submitted an online job application to Defendant and were denied employment based in whole or in part on information contained in a consumer report without being provided within three business days

Electronically Filed - City of St. Louis - May 02, 2018 - 05:05 PM

of such adverse action an oral, written or electronic notification: (i) that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency; (ii) of the name, address and telephone number of the consumer reporting agency that furnished the consumer report; (iii) that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to them the specific reasons why the adverse action was taken; and (iv) that they may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

33.   **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, there are hundreds of people in the Class, making joinder of each individual member impracticable. Ultimately, members of the Class will be easily identified through Defendant's records.

34.   **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members:

(a)   whether Defendant took adverse action on each Plaintiff's and Class members' employment applications based in whole or in part on a consumer report received from a consumer reporting agency;

(b)   whether Defendant provided Plaintiff and Class members with the FCRA's adverse action notifications, as required by 15 U.S.C. § 1681b(b)(3)(B);

8

Electronically Filed - City of St. Louis - May 02, 2018 - 05:05 PM

(c)    whether Plaintiff and the Class were injured as a result of Defendant's conduct described herein;

(d)    whether Defendant's conduct described herein constitutes a violation of the FCRA; and

(e)    whether Defendant's conduct described herein was willful.

35.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

36.    **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Petition. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

Electronically Filed - City of St. Louis - May 02, 2018 - 05:05 PM

**FIRST CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681b(b)(3)(B)**
**(On behalf of Plaintiff and the Class)**

37.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38.     The FCRA was enacted in 1970 specifically to protect consumers from, among other things, the ill effects of erroneous credit reporting on their privacy and job prospects, and to provide consumers with a means of ensuring that the information being distributed about them is accurate and updated.

39.     The FCRA's comprehensive series of regulations, including the requirements described in Section I above, provide individuals with a statutory right to the information contained in their consumer reports, in part, to ensure that the information being distributed about them is accurate, appropriate, and updated, which, in turn, protects consumers' privacy rights and their right to fair access to employment.

40.     The FCRA also creates a private right of action by which consumers can vindicate these rights.

41.     Defendant obtained Plaintiff's and Class members' "consumer reports," as defined by the FCRA, because the background reports obtained from HireRight were communications containing "information by a consumer reporting agency [(*i.e.*, HireRight)] bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" which is used for, among other things, employment purposes. 15 U.S.C. § 1681a(d)(1).

42.     HireRight is a "consumer reporting agency," as defined by the FCRA, because it is a leading pre-employment screening provider that, "for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating

10

Electronically Filed - City of St. Louis - May 02, 2018 - 05:05 PM

consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

43.     Through a uniform and standardized hiring process, Defendant obtained Plaintiff's and Class members' consumer reports and used the information contained in those reports, in whole or in part, when deciding whether to hire them.

44.     Throughout that process, Defendant acknowledged certain of its obligations under the FCRA, for instance, by obtaining consent from applicants before requesting their consumer reports. Despite its knowledge of its obligations to consumers under the FCRA, Defendant knowingly and willfully withheld certain information from applicants when it decided not to hire them, based in whole or in part on the contents of their consumer reports.

45.     Specifically, when Plaintiff and Class members applied to a trucking or transportation-related job with Defendant by mail, telephone, computer, or other similar means, and Defendant decided to deny them employment based in whole or in part on their consumer reports, it did not provide to them within three business days of taking such action, an oral, written or electronic notification: (i) that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency; (ii) of the name, address and telephone number of the consumer reporting agency that furnished the consumer report; (iii) that the consumer reporting agency did not make the decision to take the adverse action and did not provide to Plaintiff or Class members the specific reasons why the adverse action was taken; and (iv) that Plaintiff or Class members could, upon providing proper identification, request a free copy of a report and dispute with the consumer reporting agency the accuracy or completeness of any information in a report, as required by the FCRA. *See* 15 U.S.C. § 1681b(b)(3)(B).

Electronically Filed - City of St. Louis - May 02, 2018 - 05:05 PM

46.     Defendant has continually failed to follow reasonable procedures to ensure that Plaintiff and the Class members are provided with their statutorily-mandated right to the information contained in their consumer reports.

47.     As a result of Defendant's conduct described herein and its knowing and willful violations of 15 U.S.C. § 1681b(b)(3)(B), Plaintiff and the Class have suffered harm as described herein, including information injury, violation of privacy, and unfairly being denied access to employment.

48.     Plaintiff, on behalf of himself and the Class, seeks an order: declaring Defendant's conduct to be illegal class-wide; enjoining Defendant's conduct described herein; awarding him and the Class the maximum statutory damages available under 15 U.S.C. § 1681n(a)(1); and directing that Defendant pay Plaintiff's attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jerome Ratliff Jr., on behalf of himself and the Class, respectfully requests that this Court issue an order:

A.     Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Ratliff as representative of the Class, and appointing his counsel as class counsel;

B.     Declaring that Defendant's actions, as described herein, constitute violations of the FCRA;

C.     Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class members;

D.     Awarding actual damages or statutory damages as provided by the FCRA;

Electronically Filed - City of St. Louis - May 02, 2018 - 05:05 PM

E.      Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys'

fees; and

F.      Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


Dated: May 2, 2018                    Respectfully Submitted,

                                      **JEROME RATLIFF JR.**, individually and on
                                      behalf of all others similarly situated,

                              By:     /s/ Matthew H. Armstrong
                                      Matthew H. Armstrong (MoBar 42803)
                                      **ARMSTRONG LAW FIRM LLC**
                                      8816 Manchester Road, No. 109
                                      St. Louis MO  63144
                                      Tel: (314) 258-0212
                                      matt@mattarmstronglaw.com

                                      Michael Aschenbrener*
                                      Adam C. York*
                                      **KamberLaw LLC**
                                      220 N Green St
                                      Chicago, IL 60607
                                      Tel: 212-920-3072
                                      Fax: 212-202-6364
                                      masch@kamberlaw.com
                                      ayork@kamberlaw.com


* *Pro hac vice* admission anticipated.



# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1822-CC00900 | C WILLIS |
|---|---|---|
| Plaintiff/Petitioner:<br>JEROME RATLIFF JR | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW HALL ARMSTRONG<br>8816 MANCHESTER RD<br>SUITE 109<br>SAINT LOUIS, MO 63144 | E DALTON |
| **vs.** | | |
| Defendant/Respondent:<br>LTI TRUCKING SERVICES, INC<br>Nature of Suit:<br>CC Other Tort | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |

## Summons in Civil Case

| | | |
|---|---|---|
| The State of Missouri to: | LTI TRUCKING SERVICES, INC<br>Alias: | |

SCHWRA, INC, RAGT
8909 LADUE ROAD
SAINT LOUIS, MO 63124

**COURT SEAL OF**

**CITY OF ST LOUIS**

> **SPECIAL PROCESS SERVER**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**May 3, 2018**

_____    _____
Date                                              *Thomas Kloeppinger*    Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                          Date                                              Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.