UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEROME RATLIFF, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:18CV1032 RLW |
| ) | |
| LTI TRUCKING SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant LTI Trucking Services, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 4) and Plaintiff Jerome Ratliff, Jr.'s Motion for Remand (ECF No. 14). The motions are fully briefed and ready for disposition. After careful consideration, the Court will grant Plaintiff's Motion for Remand and deny Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction as moot.

## BACKGROUND

Plaintiff initially filed a putative class action in the Northern District of Illinois alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* He claimed Defendant violated procedural requirements of the FCRA by failing to provide certain notices required by 15 U.S.C. §1681b(b)(3)(B) after Defendant declined to hire him allegedly based on negative information disclosed in a pre-employment background check.[1] Defendant moved to

---

[1] Defendant notes that Plaintiff filed 16 other cases alleging similar statutory violations in the Northern District of Illinois, 13 of which were filed on October 4 or 5, 2017. *See Ratliff v. J&R Schugel Trucking, Inc.*, No. 1:16-cv-09326; *Ratliff v. Jacobson Cos.*, No. 1:17-cv-00226; *Ratliff v. CEVA Logistics U.S., Inc.*, No. 1:17-cv-02733; *Ratliff v. A&R Logistics, Inc.*, No. 1:17-cv-02787; *Ratliff v. Celadon Trucking Servs., Inc.*, No. 1:17-cv-07163; *Ratliff v. Don Hummer Trucking Corp.*, No. 1:17-cv-07173; *Ratliff v. Knight Transp., Inc.*, No. 1:17-cv-07189; *Ratliff v. Mesilla Valley Transp., Inc.*, 1:17-cv-07192; *Ratliff v. Precision Motor Transport Group, LLC*, No. 1:17-cv-07196; *Ratliff v. Smith Transport, Inc.*, No. 1:17-cv-07199; *Ratliff v. Summitt Trucking, LLC*, No. 1:17-cv-07208; *Ratliff v. Titan Transfer, Inc.*, No. 1:17-cv-07209; *Ratliff v. Transco Lines, Inc.*, No. 1:17-cv-07211; *Ratliff v. Van Wyk, Inc.*, No. 1:17-cv-07212; *Ratliff v. Venture Express, Inc.*, No. 1:17-cv-07214; *Ratliff v. Western Express, Inc.*, 1:17-cv-07215.

dismiss Plaintiff's petition for lack of subject matter jurisdiction, arguing that Plaintiff lacked standing under Article III of the United States Constitution. District Judge Jorge L. Alonso agreed with Defendant, found federal courts lacked jurisdiction over the case, and dismissed the case.[2] *Ratliff v. LTI Trucking Servs., Inc.*, No. 1:17-cv-07190 (N.D. Ill. May 1, 2018).

After the case was dismissed in federal court, Plaintiff filed a petition in the Circuit Court for the City of St. Louis.[3] Defendant removed the case to federal court citing federal question jurisdiction and – on the same day – filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 4) Plaintiff subsequently filed a Motion for Remand. (ECF No. 14) Both motions are now fully briefed.

## LEGAL STANDARD

A party may remove an action to federal court only if it could have been brought in federal court originally. *Junk v. Terminix Int'l Co*, 628 F.3d 439, 444 (8th Cir. 2010) (citing 28 U.S.C. § 1441(a)-(b)). In removal cases, the Court reviews the state court petition and the notice of removal in order to determine whether it has jurisdiction. *Branch v. Wheaton Van Lines, Inc.*, No. 4:14CV01735 AGF, 2014 WL 6461372, at *1 (E.D. Mo. Nov. 17, 2014). "Where the defendant seeks to invoke federal jurisdiction through removal, . . . it bears the burden of proving that the jurisdictional threshold is satisfied." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "[A] case is ordinarily not removable on federal question grounds unless the federal question is presented on the face of the plaintiff's complaint." *Kaufman v. Boone Ctr., Inc.*, No.

---

[2] All but one of the cases filed by Plaintiff in the Northern District of Illinois have been closed either by voluntary dismissal or court order finding lack of jurisdiction and/or standing. *See, e.g., Ratliff v. Don Hummer Trucking Corp.*, No. 17 C 7173, 2018 WL 950092 (N.D. Ill. Feb. 20, 2018); *Ratliff v. A&R Logistics, Inc.*, No. 17-CV-2787, 2018 WL 1124412 (N.D. Ill. Feb. 28, 2018); *Ratliff v. Celadon Trucking Servs., Inc.*, No. 17 CV 7163, 2018 WL 1911797 (N.D. Ill. Apr. 23, 2018). The one case that remains pending is *Ratliff v. Venture Express, Inc.*, 1:17-cv-07214. The judge in that case initially denied the defendant's motion to dismiss without prejudice to renew after the Seventh Circuit issued its opinion in a related case. Once the Seventh Circuit issued its opinion in *Robertson v. Allied Solutions, LLC*, 902 F.3d 690 (7th Cir. 2018), the defendant refiled its motion to dismiss and the court ordered supplemental memoranda related to *Robertson*'s impact. That motion to dismiss remains pending.

[3] Defendant is a corporation registered in Missouri and maintains its principal place of business in Missouri.

4:11CV286 CDP, 2011 WL 1564052, at *1 (E.D. Mo. Apr. 25, 2011). A plaintiff may move to remand the case if the district court lacks subject matter jurisdiction. *Junk*, 628 F.3d at 444 (citing 28 U.S.C. § 1447(c)). District courts are to resolve all doubts regarding federal jurisdiction in favor of remand. *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015).

## **DISCUSSION**

Both parties agree that collateral estoppel applies in this case. "Collateral estoppel, or issue preclusion, precludes relitigation of identical issues of fact." *Wedow v. City of Kan. City, Mo.*, 442 F.3d 661, 669 (8th Cir. 2006). Specifically, courts must consider the following when determining whether collateral estoppel applies in a case:

> (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*Royal Ins. Co. of Am. v. Kirksville Coll. of Osteopathic Med., Inc.*, 304 F.3d 804, 807 (8th Cir. 2002) (quoting *James v. Paul*, 49 S.W.3d 678, 682 (Mo. 2001) (en banc)). Here, the parties in the case before the Northern District of Illinois and this Court are identical. The issue decided in the Northern District of Illinois – whether federal courts have subject matter jurisdiction over Plaintiff's claims – is identical to the issue before this Court now. The issue was fully litigated and resulted in a final judgment. The parties disagree, however, on what this Court should do with the case now.

Plaintiff argues the Court should remand the case to state court. 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (Emphasis added). Because the Northern

3

District of Illinois had already issued an order finding Plaintiff lacked standing to proceed in federal court thereby depriving federal courts of subject matter jurisdiction, Plaintiff contends the doctrine of collateral estoppel prohibited Defendant from removing the case to this Court in the first place. Consequently, Plaintiff asserts 28 U.S.C. § 1447(c) compels this Court to remand the case back to state court.

Defendant, on the other hand, argues the Court should dismiss the case outright because the state would also conclude it lacked subject matter jurisdiction and dismiss the case. There is a split among the Circuit Courts of Appeals regarding whether an exception exists to 28 U.S.C. § 1447(c) allowing a district court to dismiss a case if it concludes remand would prove futile.[4] Both parties acknowledge the Eighth Circuit has not addressed the issue of whether a district court should dismiss a case where remand might be futile. Nevertheless, Defendant cites to other district courts within the Eighth Circuit that have concluded dismissal is appropriate where remand would be futile because the state court would also dismiss the case on the same jurisdictional basis. *See, e.g., Devazier v. Caruth*, No. 2:16-CV-00067-KGB, 2016 WL 3939777, at *7 (E.D. Ark. July 15, 2016). The district court cases Defendant cites are unpersuasive. Absent clear direction from the Supreme Court or the Eighth Circuit adopting a so-called "futility exception," this Court is compelled by the clear directive of 28 U.S.C. § 1447(c) and hereby remands the case.

---

[4] The Fifth and Ninth Circuits have recognized a "futility exception" to 28 U.S.C. § 1447(c). *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 (5th Cir. 1990); *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991). Recently, however, the Ninth Circuit has opined that this exception has been questioned "and may no longer be good law." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1197 (9th Cir. 2016). The Third, Fourth, Seventh, and Tenth Circuits have explicitly rejected the existence of such an exception. *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997); *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996); *Smith v. Wis. Dep't of Agric.*, 23 F.3d 1134, 1139 (7th Cir. 1994); *Jepsen v. Texaco, Inc.*, 68 F.3d 483, 1995 WL 607630, at *3 (10th Cir. 1995) (unpublished). In addition, the First and Second Circuits have declined to adopt such an exception. *Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Human Servs.*, 876 F.2d 1051, 1055 (1st Cir. 1989); *Barbara v. N.Y. Stock Exch.*, 99 F.3d 49, 56 n.4 (2d Cir.1996).

4

The doctrine of judicial estoppel also supports remand. This doctrine "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000)). "[I]ts purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* at 749-50 (citations and internal quotation marks omitted). Here, Defendant successfully moved to dismiss in another federal court for lack of standing. Then, after Plaintiff refiled in state court, Defendant removed the case to federal court claiming it had jurisdiction. These positions are clearly inconsistent with each other. *See ARcare Inc. v. Qiagen N. Am. Holdings Inc.*, No. 4:17-CV-00120 BSM, 2017 WL 5592895, at *2 (E.D. Ark. June 27, 2017).

Finally, Plaintiff included in his Motion for Remand a request for attorneys' fees pursuant to 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1447(c), an order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of fees is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Robinson v. Pfizer, Inc.*, 855 F.3d 893, 896 (8th Cir. 2017). "In determining whether the removing party lacked an objectively reasonable basis for seeking removal, the district court does not consider the motive of the removing defendant. Rather, the court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (alterations, citations, and internal quotation marks omitted).

Plaintiff argues Defendant lacked an objectively reasonable basis for removing the case to federal court because the Northern District of Illinois had already dismissed the case for lack of subject matter jurisdiction. Because a federal district judge had already determined that Plaintiff lacked standing to establish subject matter jurisdiction under Article III of the Constitution, Plaintiff contends the principal of collateral estoppel precluded Defendant from removing the case to federal court after Plaintiff filed his petition in state court. Further, Plaintiff suggests the fact that Defendant removed the case to federal court then filed a Motion to Dismiss on jurisdictional grounds just over an hour later demonstrates a lack of sincerity.

Plaintiff's Reply Memorandum in Support of His Motion for Remand (ECF No. 19) includes a declaration of one of the attorneys who has worked on the case. In the declaration, the attorney states he and one other attorney performed a combined 29.8 hours of legal work dealing with the issue of remand. Specifically, the declaration asserts the declarant attorney performed 2.2 hours at a rate of $585.00 and the other attorney performed 27.6 hours at a rate of $425.00 for a combined total of $10,594.50 worth of legal work. Plaintiff's counsel, however, has failed to provide itemized time records supporting the calculation of their hours. Without such itemized records, this Court is unable to conduct a reasonableness review as required by case law. *See, e.g., Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1135 (10th Cir. 2001) (noting the provision in section 1447(c) for recovery of "actual fees to those 'incurred as a result of removal' requires the district court to conduct some sort of reasonableness inquiry"); *BWise Mfg., LLC v. Big Hat Investments, LLC*, No. 18-CV-4010-MDH, 2018 WL 3326440, at *1 (W.D. Mo. Mar. 8, 2018) (awarding reduced attorneys' fees after conducting a reasonableness review itemized billing statements). Consequently, the request for attorneys' fees is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (ECF No. 14) is **GRANTED**. This matter shall be remanded to the Twenty-Second Circuit of Missouri in City of St. Louis, Missouri for further proceedings. An order of remand accompanies this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 4) is **DENIED as moot**.

Dated this 2nd day of January, 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**